AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
_____Timothy Watson_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR07-41-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
for which a maximum term of imprisonment of ten years or more is prescribed in _____.
☐ under 18 U.S.C. § 924(c).

- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II— Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence   X  a preponderance of the evidence: that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community. Defendant did not oppose detention at this time, but reserved the right to a hearing at a later date which was granted. In addition, defendant should be detained for the following reasons:

1. Defendant is unemployed since February 2007, having held that job for the past 5-6 months. He could not recall any other employment.
2. Defendant is an admitted heroin user since age 15 and cocaine since age 20. He has undergone drug treatment and claimed that he has stopped using. However, he was on state probation at the time of his arrest for the federal offense of possession of a firearm by a convicted felon, 18 USC §922 & 924. His state probation officer is planning to file VOP petition for matters unrelated to the federal offense, including failure to appear, failure to reside at reported residence and illegal drug use. He has pending in JP Court 20 a number of misdemeanor offenses. His prior convictions include: March 2004, possession of a narcotic schedule II controlled substance, March 2004 criminal impersonation, October 2002 assault 2nd & 3rd in a detention facility (halfway house) for which he was found VOP on 3 occasions between May 2003 and September 2004; possession of of a controlled substance schedule II in March 2001 and found VOP in Sept. 2001, Oct. 2001, May 2002 and October 2002; January 1999 escape after conviction and VOP; another VOP in March 1998 which resulted in 9 months partial confinement.



FILED
APR - 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 2, 2007 | _[signature]_ |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).